IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEWIS, | No. C 13-747 SI |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, | |
| Defendants. | |

On February 20, 2013, plaintiff Gary Lewis filed a complaint against the United States District Court for the Northern District of California. The complaint contains several references to property being taken or stolen, and also contains what appear to be references to a pending lawsuit filed by plaintiff, *Lewis v. Commissioner of Social Security*, 12-cv-4258-KAW (N.D. Cal.). The complaint states that plaintiff is alleging claims for fraud, obstruction of justice, and harassment, as well as for a violation of "California Legal Ethics Law," California Civil Code Section 430.10,[1] and the Social Security Act of 1935. The complaint seeks $30 million in damages. Plaintiff has also filed an application to proceed *in forma pauperis*.

Title 28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed *in forma pauperis* if the Court determines that the complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that the complaint fails to state a claim for several reasons. As an initial matter, plaintiff is advised that "[j]udges are immune from damage actions for judicial acts

---

[1] This appears to be a typographical error as there is no such section of the California Civil Code. However, the California Code of Civil Procedure contains a Section 430.10, which sets forth the objections that a defendant may assert to a complaint or a cross-complaint in state court.

taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Thus, if plaintiff seeks to allege claims against Magistrate Judge Westmore (or the court) based upon rulings in *Lewis v. Commissioner of Social Security*, 12-cv-4258-KAW (N.D. Cal.), those claims would be barred. In addition, the complaint is deficient because the complaint simply lists claims that plaintiff wishes to allege, but does not allege any facts in support of each of the claims. Accordingly, plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND pursuant to Section 1915(e)(2). *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).

If plaintiff wishes to file an amended complaint, the complaint shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks. **Any amended complaint must be filed by March 28, 2013.** If plaintiff files an amended complaint, plaintiff shall supplement the application to proceed *in forma pauperis* with information about his spouse's monthly salary, wages or income; plaintiff did not provide this information on the application filed with the Court, and the Court cannot rule on the application without such financial information.

**IT IS SO ORDERED.**

Dated: March 14, 2013

SUSAN ILLSTON
United States District Judge